### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

LARRY SANDERS, et al.,

          Plaintiffs,

vs.

ESURANCE INSURANCE SERVICES, INC., et al.,

          Defendants.

Case No. 2:13-cv-00652-JCM-CWH

**ORDER**

      This matter is before the court on Plaintiffs' Motion to Proceed without Prepayment of Fees (#5), filed May 2, 2013. Plaintiffs' original Application to Proceed *In Forma Pauperis* (1) was filed on April 17, 2013. Upon review, the Court found that full and complete responses had not been provided on the application and, therefore, denied the application without prejudice. Plaintiffs have been instructed to submit an accurate, complete application by May 24, 2013. *See* Order (#3). Referring to themselves as "secured parties," Plaintiffs have filed a motion indicating their belief that 28 U.S.C. § 1915 does not apply to them because they are not incarcerated. Thus, they request that the court "put a stay on all court fees" and allow them to proceed without prepayment of fees.

      Parties instituting a civil action in federal district court must pay a filing of $350. *See* 28 U.S.C. 1914(a) ("The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."). A district court is required to screen complaints brought by litigants who request leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (section 1915 applies to all applicants for *in forma pauperis* status, prisoner or non-prisoner). While much of section 1915 outlines how prisoners can file proceedings *in forma pauperis*, section 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners. *Long v. Maricopa Community College Dist.*, 2012 WL 588965 (D. Ariz. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000)).  Before reaching review under section 1915(e), a party must first be authorized to proceed *in forma pauperis*.  In order to be so authorized, "**[a]ny** person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*."  *See* Local Special Rule 1-1 (emphasis added).  "The application **shall** be made on the form provided by the Court and **shall** include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities."  *Id*. (emphasis added).

Plaintiffs may not proceed without prepayment of fees until they have received authority from the Court to proceed *in forma pauperis*.  In order to receive that authority, they are required to submit a complete and accurate financial affidavit on the form provided by the Court.  If Plaintiffs are unwilling to submit the completed and accurate financial affidavit, they will not be permitted to proceed *in forma pauperis* and will be required to pay the full filing fee to commence this lawsuit.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed without Prepayment of Fees (#5) is **denied without prejudice**.  Plaintiffs shall have until **May 31, 2013** in which to submit the completed application or pay the $350.00 filing fee.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 3, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge